Richardson J.,
dissenting. After Aiken gave the receipt to pay the judgment of M’Mahon v. Ford, Peay got an assignment of the judgment of M’Mahon, and received Aiken’s receipt from Ford; Aiken then told Peay he would “settle the receipt on the judgment;” and these were the terms of the receipt. It is an important fact, that there is in the sheriff’s office money bound by this judgment, and enough to pay it. In the mean time, Aiken had acquired a junior judgment and execution against Ford. But the execution will not be covered by the money in the sheriff’s hands. Aiken would therefore avoid paying his receipt to Ford, in order to keep the money to pay off his own execution against Ford. This may be done without injury to Peay, who is secured by the money in the sheriff’s office : legally this is his money, and Ford discharged. There is then manifestly a fair and rational cause of objection on the part of Aiken; and the pursuit of him, on the receipt by Peay, is rather a severe, because a superflous application of his contract with Ford. But how stands the law? is the question. If Aiken were sued on the receipt, without the verbal promise made to Peay,—Peay could not recover; because by the receipt, Aiken stands as the mere agent of Ford, and Ford alone could sue upon it. None can doubt this. But can the verbal promise, without valuable consideration, make any difference in Peay’s right to bring the action? none. A takes B’s receipt for $1,000, to be deposited in bank; B neglects to deposite; A piaces the receipt in the hands of C, originally a stranger to the transaction; B then promises C he will settle it with the bank. Does this authorise C to maintain a suit except in the name of A? Assuredly none but A can sue upon this unassignable receipt. The verbal promise can be no more than a reiteration of the written promise. It is like the everyday promise of an agent to pay a note or open account. How can any such promise shift the contract from one man to *109 another? But again—in suits at law, there is nothing more to be guarded against than the covering a contract and suit under a popular name: Justice unites with the contract to forbid such a device; it is dangerous to impartial justice. But in any view, this receipt to Ford, when in the hands of Peay, can amount to no more than a collateral guaranty of the assigned judgment of M’Mahon v. Ford. But there is another strong reason, if net an estoppel to Mr. Peay’s present suit upon the receipt, when taken as a guaranty, or an express promise to Peay. The judgment of M’Mahon is actually paid and satisfied by the money in the hands of the sheriff. It is as certainly paid as if satisfaction had been entered on the record. But Peay refuses to take out the money. What then? why he has made the sheriff his cashier. But his judgment has not the less been fully paid. It is the same as if Peay had received the money. And it then follows, irresistibly, that Peay has no right of action, unless his name in the suit is to be read “Nathaniel Ford,”—who has paid the judgment to the sheriff, the proper agent of Peay, the assignee of the plaintiff M’Mahon; and stands discharged. It is therefore not only a hard, but an illegal action, in the hands of Peay. Mr. Ford would have an action of undoubted merits; but he cannot transfer it to Peay. Aiken too may have demerits in not fulfilling his engagements; but these cannot be arrayed against him by Peay. At his peril, says Steven, every plaintiff must shew that he has in himself a right of action. How then docs the case stand? Aiken owes Ford the money on the receipt. Ford is the promissee, and the receipt cannot be transferred. Peay cannot sue on it. But Aiken has again declared to Peay he will settle the judgment, i. e., he will fulfil the receipt. This verbal promise would not, of itself, bind Aiken, because he would be liable twice;—first on the receipt to Ford, and then on the promise to Peay; and yet, out of these promises, each contributing nothing; and when too, the judgment is actually satisfied. Peay’s action is supported by a verdict. Surely there ought to be a non-suit.
Butler J., concurred.